2020 IL App (1st) 181609-U
No. 1-18-1609
February 1, 2021

FIRST DIVISION

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the Circuit Court |
| | ) | Of Cook County. |
| Respondent-Appellee, | ) | |
| | ) | |
| v. | ) | No. 10 CR 06300 |
| | ) | |
| CLIFTON WASHINTON | ) | The Honorable |
| | ) | Angela Munari Petrone |
| Petitioner-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE WALKER delivered the judgment of the court.
Justices Hyman and Pierce concurred in the judgment.

**ORDER**

*Held*: Petitioner made a substantial showing of ineffective assistance of counsel where trial counsel failed to inform petitioner of prior favorable plea offers from the State.

¶ 1    Petitioner Clifton Washington was charged with multiple counts of armed robbery with a firearm, attempt armed robbery, unlawful use of weapon by a felon, aggravated battery, and aggravated unlawful restraint. Washington pled guilty to one count of armed robbery with a firearm and was sentenced to the statutory minimum of 21 years' imprisonment. Washington did not move to withdraw his guilty plea or file a direct appeal. Washington filed a *pro se* post-

conviction petition challenging the constitutionality of the 15-year firearm enhancement in his sentence, which was docketed for second-stage proceedings. Washington later filed a supplemental petition alleging ineffective assistance of counsel. The circuit court granted the State's motions to dismiss both petitions. Washington appeals arguing that the supplemental petition made a substantial showing of a constitutional violation. For the following reasons, we reverse and remand for a third-stage evidentiary hearing.

¶ 2                                    BACKGROUND

¶ 3        On March 5, 2010, Washington committed multiple offenses against Paz Gonzalez, Guadalupe Zamora, and Royelio Vialobos. The State charged Washington with two counts of armed robbery while armed with a firearm, one count of attempt armed robbery, one count of unlawful use of a weapon by a felon, two counts of aggravated battery, and three counts of aggravated unlawful restraint.

¶ 4        Washington's case was assigned to Judge Dennis Porter. On October 28, 2011, Judge Neera Walsh presided in Judge Porter's absence. The following exchange occurred:

> [Trial Counsel]: We have been speaking with the State about a possible disposition on the case. I would ask for one more status date to see if we can. Would 12/07 be okay, Judge?
>
> [The Court]: Yes.
>
> [Trial Counsel]: 12/07 by agreement.
>
> [The State]: Judge, we have made an offer in this case. I do understand the Defense is thinking about it. We have come off the 21-year enhancement, just for the record, so

the attorney and defendant both know that. It is up to the defendant to do what he wants.

We will withdraw our offer on the next court date or after the next court date.

[Trial Counsel]: We understand.

[The Court]: By agreement 12/07/11 for defendant to consider State's offer.

[Trial Counsel]: Thank you, Judge.

¶ 5      On September 26, 2012, Washington's case was transferred to the supplemental trial call of Judge Angela M. Petrone.

¶ 6      On December 20, 2012, the State communicated a new plea offer of 15 years to Washington's attorney. Judge Petrone refused to accept the proposed plea agreement because of what she learned in the conference about Washington's criminal history and the facts of the case. The following exchange occurred:

[Trial Counsel]: Can I say something on the record, Judge?

[The Court]: Yes

[Trial Counsel]: We had asked what the offer was. It was 15 at 50.

[Washington]: You never told me that.

[Trial Counsel]: I didn't get to it yet.

You want to know what it was so we gave you the offer. You said you would not go along with that offer. You didn't believe that the sentence was high enough.

[The Court]: That's correct, I said--

[Trial Counsel]: It wasn't an actual 402 conference. It was running the State's offer by the Court. So I think—

3

[The Court]: I said I would not go along with it in light of what I heard regarding the defendant's background and the facts of the case.

The court offered Washington 21 years' imprisonment, the statutory minimum sentence. The court noted that the State made Washington prior offers of 10 years at 50 percent, 10 years at 85 percent, and 15 years at 50 percent, which were pending for "several years" and had been withdrawn by the State. Washington interjected saying, "[h]e ain't never tell me that."

¶ 7    On March 15, 2013, the State asserted that "under no uncertain terms would the State ever reduce [Washington's] case below the mandatory minimum of 21 years." Instead, the State would not offer a sentence of less than 30 years.

¶ 8    On March 22, 2013, Washington pled guilty to one count of armed robbery with a firearm and was sentenced to the statutory minimum of 21 years' imprisonment (6 years for armed robbery plus 15 years for firearm enhancement). The State dismissed the remaining charges. Washington did not move to withdraw his guilty plea or file a direct appeal.

¶ 9    On January 15, 2014, Washington filed a *pro se* post-conviction petition challenging the constitutionality of his 15-year firearm enhancement. Washington alleged that the enhancement was an impermissible double enhancement that violated the proportionate penalties clause of the Illinois constitution, as well as his constitutional rights to due process and equal protection. Alternatively, Washington argued that trial counsel rendered ineffective assistance by allowing him to accept a double enhanced sentence.

¶ 10    On September 10, 2014, Washington's case was docketed for second-stage proceedings by operation of law, and the public defender was appointed to represent Washington. On July 17, 2016, petitioner's post-conviction counsel filed a Rule 651(c) certificate.

¶ 11        On October 19, 2016, the State filed a motion to dismiss Washington's petition. The motion asserted that Washington was procedurally barred from post-conviction relief because his decision to forego a direct appeal of his plea waived any constitutional claims. Additionally, the motion argued that Washington's petition failed to make a substantial showing of a constitutional violation. The State contended that the 15-year firearm enhancement was properly applied to the armed robbery conviction and Washington had received adequate representation throughout the plea process. The State also attached a transcript of the March 22, 2013 proceeding where Washington pled guilty.

¶ 12        On June 22, 2017, Washington filed a supplemental petition and an amended 651(c) certificate. The supplemental petition raised a new ineffective assistance of counsel claim that plea counsel rendered ineffective assistance by failing to timely inform Washington of the three prior offers by the State. The supplemental petition also alleged that Washington would have pled guilty to a reduced charge that involved a sentence less than 21 years' imprisonment if he had been given the opportunity.

¶ 13        On November 9, 2017, the State filed a motion to dismiss the supplemental petition. The supplemental motion raised two additional points. First, the State contended that Washington's new ineffective assistance of counsel claim failed to satisfy either prong of the test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Second, the State maintained that Washington's affidavit submitted with his supplemental petition was invalid because it was not notarized by Washington. Also, the motion attached two additional transcripts from proceedings on October 28, 2011 and March 15, 2013.

¶ 14     On February 28, 2018, the circuit court heard arguments on the motions to dismiss. On June 28, 2018, the circuit court granted the State's motions to dismiss both petitions. The court concluded that Washington's unconstitutional double-enhancement claim was "procedurally forfeited" because he did not move to withdraw his guilty plea or file a direct appeal. On the merits, the court found that the claim failed because Washington failed to satisfy the prejudice prong of *Strickland*. Regarding the claim that trial counsel rendered ineffective assistance of counsel by failing to communicate the earlier plea offers to Washington, the court found that this issue was untimely because it was first raised in the supplemental post-conviction petition, over four years after the guilty plea.

¶ 15     Washington filed a timely notice of appeal.

¶ 16                                             ANALYSIS

¶ 17     On appeal, Washington argues that the supplemental post-conviction petition made a substantial showing of a constitutional violation and the circuit court erred by dismissing the petition at the second stage. Washington requests this court remand for a third-stage evidentiary hearing.

¶ 18     The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1*et seq.* (West 2012)) allows a person serving a criminal sentence to challenge his conviction for violations of the United States or Illinois constitutions. *People v. Tate*, 2012 IL 112214, ¶ 8. If a defendant does not file a direct appeal, the post-conviction petition must be filed no later than three years from the date of conviction, unless he alleges facts showing that the delay was not due to his culpable negligence. 725 ILCS 5/122-1(c) (West 2012). In cases not involving the death penalty, the Act provides a three-stage process for adjudicating post-conviction petitions. *People v.*

6

*Edwards*, 197 Ill. 2d 239, 244 (2001). At the first stage, the circuit court has 90 days to review the petition and determine whether "the petition is frivolous or is patently without merit." *Id*. If the circuit court does not summarily dismiss it within that period, then the petition advances to the second stage. *People v. Domagala*, 2013 IL 113688, ¶ 33.

¶ 19      At the second stage, counsel may be appointed, if defendant is indigent, and the State may file responsive pleadings. *Id*. Counsel's duties include "consultation with the defendant to ascertain his contentions of deprivation of constitutional right, examination of the record of the proceedings at the trial, and amendment of the petition, if necessary, to ensure that defendant's contentions are adequately presented." *People v. Pendleton*, 233 Ill. 2d 458, 472 (2006). The petitioner bears the burden of making "a substantial showing of a constitutional violation." *Id*. at 473. Evidentiary questions are not to be resolved at this stage. *Domagala*, 2013 IL 113688, ¶ 35. "[A]ll well-pleaded facts that are not positively rebutted by the original trial record are to be taken as true." *Id*. (quoting *People v. Coleman*, 183 Ill. 2d 366, 385 (1998). At the second stage, the question is whether petitioner's allegations show a constitutional violation. *Id*. If no substantial showing of a constitutional violation is made, the petition is dismissed. *Tate*, 2012 IL 112214, ¶ 10. However, if the petitioner makes the requisite showing, the petition advances to a third-stage evidentiary hearing, where the circuit court, acting as the fact finder, must determine whether the evidence introduced demonstrates that the petitioner is entitled to relief. *Domagala*, 2013 IL 113688, ¶ 34. A circuit court's second-stage dismissal of a post-conviction petition is generally reviewed de novo. *People v. Sanders*, 2016 IL 118123, ¶ 31.

¶ 20      A criminal defendant is entitled to effective assistance of trial counsel. *People v. Brown*, 2017 IL 121681, ¶ 25. The constitutional right to the effective assistance of counsel extends to

plea negotiations. *Missouri v. Frye*, 566 U.S. 134, 144 (2012); *People v. La Pointe*, 2015 IL App (2d) 130451, ¶ 71. A claim that a defendant was denied effective assistance of counsel is governed by the familiar two-pronged test established in *Strickland*. *People v. Brown*, 2017 IL 121681, ¶ 25. Under *Strickland*, counsel is constitutionally ineffective where his representation was objectively unreasonable, and this deficient performance prejudiced the defendant. *Id*. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v. Hale*, 2013 IL 113140, ¶ 18 (quoting *Strickland*, 466 U.S. at 694). A petitioner must satisfy both prongs of the *Strickland* test. *People v. Henry*, 2016 IL App (1st) 150640, ¶ 53. A failure to establish either prong is fatal to petitioner's claim. *People v. Easley*, 192 Ill. 2d 307, 318 (2000).

¶ 21 In the context of a plea negotiation, a defendant is prejudiced where there is a reasonable probability that "the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Frye*, 566 U.S. at 147. Specifically, "a defendant must demonstrate a reasonable probability that (1) he would have accepted the earlier plea offer had he received the effective assistance of counsel; and (2) the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law." *La Pointe*, 2015 IL App (2d) 130451, ¶ 71 (citing *Frye*, 566 U.S. at 148 and *Hale*, 2013 IL 113140, ¶¶ 19-20).

¶ 22 Here, Washington contends that trial counsel rendered ineffective assistance when he failed to inform Washington of two prior plea offers that contained more favorable terms than the plea offer Washington eventually accepted. The supplemental post-conviction petition alleged

that trial counsel never informed Washington of the State's two previous offers to plead guilty to a reduced charge in exchange for a prison term of either 10 years at 50% time or 10 years at 85% time and that he would have accepted either offer had trial counsel timely conveyed them. Washington pled guilty to one count of armed robbery with a firearm and was sentenced to 21 years' imprisonment. The State counters that Washington knew of the prior offers no later than October 28, 2011, but it is unclear from the transcript of the October 28, 2011 proceeding whether Washington was present in court.

¶ 23    On October 28, 2011, the Assistant State's Attorney (ASA) stated, for the record, that it was dropping the 21-year enhancement and wanted "the attorney and defendant [to] both know." Trial counsel responded, "We understand." The State argues that its mention of Washington and trial counsel's use of plural in response indicates that Washington was present. We are unpersuaded by this argument.

¶ 24    Unlike the other proceedings in the record, Washington did not speak, and the court did not acknowledge his presence at the October 28, 2011 proceeding. Even if Washington were present at court, the State's brief statement was insufficient to apprise Washington of the details and conditions of the plea offers. The only information Washington could have learned is that the plea-offer no longer contained a 21-year enhancement.

¶ 25    The only instance in the record that reflects Washington's awareness of the plea offers occurred in the December 20, 2012 proceeding. During that proceeding, the court stated that the "records show the State has offered [Washington] 10 years at 50 percent; 10 years at 85 percent; then 15 years at 50 percent. They were pending for several years." The court then noted that the State had withdrawn those offers. Washington responded, "He ain't never tell

me that." Other than the disputed October 28, 2011 proceeding, the State fails to identify any other instance in the record indicating Washington's awareness of the plea offers before they expired. Because there is no evidence that positively rebuts his claims that trial counsel never informed him of the offers, we accept his claims as true. *Domagala*, 2013 IL 113688, ¶ 35. Trial counsel had a constitutional duty to inform Washington of the State's formal offers before they expired. *Frye*, 566 U.S. at 145. Trial counsel's failure to do so was objectively unreasonable.

¶ 26    The State then argues that Washington can not show resulting prejudice. The State, relying on the October 28, 2011 proceeding, asserts that Washington was aware of the plea offers and rejected them. As stated above, the October 28, 2011 proceeding does not prove Washington's awareness of the offers. Given that Washington agreed to a 21-year sentence, there is a reasonable probability that he would have accepted either of the State's earlier offers that would have allowed him to serve no more than 10 years.

¶ 27    Next, the State argues that Washington cannot show that the earlier pleas would have been entered without the State canceling it or the circuit court refusing to accept it. At the December 20, 2012 proceeding, Judge Petrone rejected the State's new plea offer of 15 years at 50 percent because of what she heard regarding the defendant's background and the facts of the case. Judge Petrone believed that the sentence was too lenient. The ASA then stated that when the case was brought to his supervisor's attention, his supervisor refused to offer Washington anything less than 30 years. The State argues that these rejections of the 15-year plea offer shows that the earlier offers would have also been rejected. Washington argues that a different judge might have accepted the 10-year plea offer.

¶ 28 The record indicates that the State made its initial plea offers while Washington's case was assigned to Judge Porter. It is unclear when those offers expired, but they must have expired sometime before December 20, 2012. By that time, Judge Petrone had become the assigned judge. The State argues that Judge Petrone's rejection of the plea offers indicate that Judge Porter would have similarly rejected the offer. We disagree. Different judges reviewing the same facts may reach different conclusions. There is no evidence in the record indicating that Judge Porter would have rejected either of the State's earlier plea offers which had been pending for "several years." Therefore, Washington made a substantial showing of ineffective assistance of counsel during plea proceedings and the circuit court erred in dismissing Washington's petition.

¶ 29                                              CONCLUSION

¶ 30 For the foregoing reasons, the judgment of the circuit court dismissing petitioner's postconviction petition is reversed, and we remand for a third-stage evidentiary hearing on petitioner's claim of ineffective assistance of counsel.

¶ 31 Reversed and remanded.